IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | |
|---|---|
| DAVID LEE CRUMBY, ) | |
| ) | |
| Petitioner, ) | |
| v.    ) | Civil Action No. 3:17-03897 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241 (Document No. 1), filed on August 29, 2017; and (2) Petitioner's "Motion to Close Petition" (Document No. 15), filed on November 3, 2017. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Petition, the undersigned finds, and hereby respectfully recommends, that Petitioner's Motion be granted and his Petition be dismissed.

**FACT AND PROCEDURE**

**A.    Instant Section 2241 Petition:**

On August 29, 2017, Petitioner, acting *pro se*,[1] filed a Petition for Writ of *Habeas Corpus* Under 28 U.S.C. § 2241. (Document No. 1.) In his Petition, Petitioner appears to allege

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

that the United States is violating his speedy trial rights under Article III of the Interstate Agreement on Detainers Act ["IADA"]. (Id.) Petitioner states that "[o]n August 25, 2016, Federal Probation Officer Jeffery Bella filed for Petitioner's probation to be revoked [and] Chief Judge Robert Chambers issued an order for a hold to be placed on Petitioner."[2] (Id.) Petitioner complains that this "hold is still in place" and he has never been brought before the Court for any proceedings on the charges. (Id.)

On September 6, 2017, Petitioner filed his Application to Proceed *in Forma Pauperis*. (Document No. 4.) By Order entered on September 12, 2017, the undersigned granted Petitioner's Application to Proceed *in Forma Pauperis* and ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 6.)

On October 4, 2017, the United States filed its Response to the Order to Show Cause. (Document No. 8.) The United States argues that Petitioner's Petition should be denied based on the following: (1) The IADA affords no relief to Petitioner as "[h]is pending supervised release petition is not an untried indictment, information or complaint;" (Id., pp. 3 – 5.); and (2) Petitioner's Petition is now moot (Id., p. 5.). As Exhibits, the United States attaches the following: (1) A copy of Petitioner's "Guilty Plea and Sentence Order" as filed in the Circuit Court of Cabell County in Information No. 17-F-151 (Document No. 8-1.); and (2) A copy of

---

[2] On August 25, 2016, United States Probation Officer Jeffrey D. Bella filed a "Petition for Warrant or Summons for Offender Under Supervision" alleging Petitioner had violated certain conditions of his supervised release in Criminal Action No. 3:05-00144. (Criminal Action No. 3.05-00144, Document No. 101.) Chief United States District Judge Robert C. Chambers granted the Petition and issued a warrant for Petitioner's arrest. (*Id.*)

Petitioner's "Order of Commitment" as filed in the Circuit Court of Cabell County in Information No. 17-F-151 (Document No. 8-2.).

By Order and Notice entered on October 10, 2017, the undersigned advised Petitioner of his right to file a Reply to the United States' Response. (Document 9.) On October 24, 2017, the United States filed its Supplemental Response again arguing that Petitioner's Petition was moot. (Document No. 11.) In support, the United States noted that Petitioner appeared for his final hearing on the petition to revoke his supervised release on October 23, 2017. (Id.) During the foregoing hearing, Petitioner requested that the petition to revoke supervised release be dismissed on identical grounds cited in the instant Section 2241 Petition. (Id.) The United States, however, notes that the District Court denied Petitioner's request, revoked Petitioner's supervised release, and sentenced Petitioner to a 21-month term of imprisonment. (Id.) Accordingly, the United States concludes that Petitioner's Petition is now moot.

By Order and Notice entered on October 25, 2017, the undersigned advised Petitioner of his right to file a Reply to the United States' Supplemental Response. (Document 12.) On November 3, 2017, Petitioner filed his "Motion to Close Petition." (Document No. 15.) Specifically, Petitioner stated as follows:

> In a separate hearing on October 23, 2017, Chief Judge Robert Chambers ruled on another case that included the core issue in this motion. Therefore, there is no further need for review by this honorable court.

(Id.)

**B.     Criminal Action No. 3:05-0144:**

On September 6, 2005, Petitioner pled guilty to one count of Bank Robbery in violation of 18 U.S.C. § 2113(a). (Case No. 3:05-cr-0144, Document No. 27.) On November 14, 2005, the

District Court sentenced Petitioner to a 140-month term of imprisonment to be followed by a three-year term of supervised release. (Id., Document Nos. 32 and 33.) On October 30, 2006, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Id., Document No. 52.) As a ground for *habeas* relief, Petitioner argued that his direct appeal was not pursued because he and his attorney hoped Petitioner would receive the benefit of a motion to reduce sentence. (Id.) The United States filed its Response stating no opposition to a limited award of collateral relief sufficient to allow Petitioner an opportunity to file a direct appeal of his conviction and sentence. (Id., Document No. 56.) By Proposed Findings and Recommendation entered on August 25, 2010, United States Magistrate Judge Mary E. Stanley recommended that Petitioner's Section 2255 Motion be granted and a re-sentencing hearing be conducted. (Id., Document No. 65.) By Memorandum Opinion and Order entered on September 7, 2010, United States District Judge Robert C. Chambers adopted Judge Stanley's recommendation, granted Petitioner's Section 2255 Motion, appointed counsel, and scheduled a resentence hearing. (Id., Document Nos. 66 and 67.)

Petitioner's re-sentencing hearing was conducted on January 10, 2011. (Id., Document No. 73.) The District Court re-sentenced Petitioner to a 140-month term of imprisonment to be followed by a three-year term of supervised release. (Id., Document No. 75.) Petitioner filed his Notice of Appeal on January 24, 2011. (Id., Document No. 82.) On January 25, 2011, Petitioner filed a Motion to Withdraw his Notice of Appeal. (Id., Document No. 83.) The District Court granted Petitioner's Motion to Withdraw on January 26, 2011. (Id., Document No. 84.)

Petitioner was released from custody and began serving his term of supervised release on July 5, 2016. (Id., Document No. 100.) On August 12, 2016, United States Probation Officer

["USPO"] Jeffrey D. Bella filed a "Noncompliance Summary" alleging that Petitioner had violated certain conditions of his supervised release. (Id., Document No. 100.) On August 19, 2016, Petitioner was arrested by members of the Huntington Police Department concerning State charges. (Id., Document No. 101 and 135.) On August 25, 2016, USPO Bella filed a "Petition for Warrant or Summons for Offender Under Supervision" again alleging Petitioner had violated certain conditions of his supervised release. (Id., Document No. 101.) On the same day, Judge Chambers granted the Petition and issued a warrant for Petitioner's arrest. (Id.) On September 29, 2017, Petitioner appeared before United States Magistrate Judge Cheryl A. Eifert for his Initial Appearance and Preliminary Hearing on the Petition for Revocation of Supervised Release. (Id., Document No. 121.) Petitioner, however, waived his right to a Preliminary Hearing. (Id., Document No. 122.) On March 31, 2017, Petitioner pled guilty to his State charges and was sentenced by the Circuit Court of Cabell County to a period of not more than two years. (Id., Document No. 135.) On October 10, 2017, USPO Bella filed an "Amendment to Petition." (Id.) On October 23, 2017, Petitioner appeared for his final hearing on the "Petition for Warrant or Summons for Offender Under Supervision" and the "Amendment to the Petition." (Id., Document No. 137.) After determining Petitioner violated the conditions of his supervised release, Judge Chambers revoked Petitioner's supervised release. (Id.) The District Court sentenced Petitioner to a 21-month term of imprisonment to be followed by a 15-month term of supervised release (Id.)

## **ANALYSIS**

In his Petition, Petitioner complains that a detainer was been lodged against him based upon the filing of a "Petition for Warrant or Summons for Offender Under Supervision."

(Document No. 1.) As relief, Petitioner requests that he be "brought before the Court for any proceedings on the charges." (Id.) In the United States' Supplemental Response, the United States asserts that Petitioner's claim is now moot because Petitioner appeared for his final revocation hearing concerning the petition to revoke supervised release on October 23, 2017. (Document No. 11.) On November 3, 2017, Plaintiff filed his "Motion to Close Petition" acknowledging that his claim was now moot and requesting dismissal of his Petition. (Document No. 15.) Based upon the foregoing, the undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). Therefore, the undersigned respectfully recommends that Petitioner's "Motion to Close Petition" be granted and Petitioner's Section 2241 Petition be dismissed as moot.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Petitioner's "Motion to Close Petition" (Document No. 15), **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241 (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge

Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: February 2, 2018.

_____
Omar J. Aboulhosn
United States Magistrate Judge